HEIDER *v.* CENTRAL FOUNDRY COMPANY

[No. 16,612. Filed October 14, 1940.]

*Snouffer & Snouffer,* of Fort Wayne, for appellant. *James M. Barrett, Jr., Phil M. McNagny, Leigh L.*

*Hunt, Mentor Kraus* and *J. A. Bruggeman,* all of Fort Wayne, for appellee.

DUDINE, J.—This is an appeal from an award of the Industrial Board.

The Board found, in addition to other facts, that on or about June 9, 1939, appellant was in the employ of appellee; that on or about said date he became disabled and remained so disabled until September 15, 1939, but the Board further found that appellant's disability was *not "*. . . directly or indirectly the result of any accidental injury arising out of and in the course of his (said) employment . . ." and the Industrial Board ordered that appellant recover nothing upon his application.

In support of the assigned error that the award is contrary to law appellant contends, in effect, that the evidence conclusively shows that his disability *did* arise out of and in the course of his said employment. We have read the evidence and we find that there is evidence in the record which shows that on June 9, 1939, at about 10:30 o'clock while appellant was working for appellee as a molder, he bumped his left leg upon the handle of a flask, which is a wooden form. He continued at his work the rest of that day. The next morning appellant noticed a swelling in the leg. He bathed it and applied home remedies for three days when he consulted a doctor. The doctor treated the leg. for several days and then, having noticed that the appellant had a "foot drop" an operation was performed on the leg on July 1, 1939 in which a cyst was removed.

Appellant states in his brief, in effect, that there are but two questions presented in this appeal and they are the questions: First, whether or not the cyst was produced by the bumping of the leg on the flask

handle on June 9, 1939; second, whether or not the bumping of the leg aggravated a condition in the leg then existing so as to cause the disability which appellant suffered.

Both of said questions are questions of fact. For the purpose of this appeal we must assume that the Industrial Board found against appellant as to each of said facts. The evidence relative to said questions consists principally of medical testimony. It would serve no good purpose to discuss the evidence in detail. We deem it sufficient to note in that respect that there is some evidence in the record to the effect that the cyst was of much longer standing than June, 1939 and that the bumping of the leg on that date could not have aggravated a condition then existing so as to bring about the condition which existed on July 1st when the operation was performed. That evidence, together with other evidence, which we deem it unnecessary to set out herein in detail, is sufficient to sustain the finding of the Industrial Board as to each of said questions of fact.

No reversible error having been shown, the award is affirmed.

NOTE.—Reported in 29 N. E. (2d) 321.